UNITED STATES DISTRIC COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John A. Walker, Sr., individually and as the Personal Representative of the Estate of John A. Walker, Jr., | ) C/A NO: 5:12-1544-DCN-KDW ) ) ) |
| Plaintiff, | ) ) REPORT AND RECOMMENDATION |
| v. | ) ) ) |
| Lexington County; Lexington County Sherriff's Office;  William L. Miles,  M.D.; Shari Lee,  R.N.;  C. Frederick, LPN;  and Correct Care Solutions, LLC, | ) ) ) ) ) |
| Defendants. | ) |

Plaintiff John A. Walker, Sr., individually and as the Personal Representative of the Estate of John A. Walker, Jr.,[1] brings this action against Defendants Lexington County; Lexington County Sheriff's Office; William L. Miles, M.D.; Shari Lee, R.N.,[2] C. Frederick, LPN; and Correct Care Solutions, LLC ("Correct Care"). Plaintiff asserts claims of "Negligence/Gross Negligence" against all Defendants, and claims for "Violation of Federal Civil Rights 42 U.S.C. § 1983—Failure to provide medical care/cruel and unusual punishment—Eighth and Fourteenth Amendments" against Defendants Miles, Lee Saunders, and Frederick. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule

---

[1] John A. Walker, Sr. brings this action on behalf of the estate of decedent John A. Walker, Jr., as well as on his own behalf. Unless otherwise indicated, references to "Plaintiff" herein refer to decedent John A. Walker, Jr.

[2] At the time this matter was removed from state court, the then-operative Complaint identified one of the Medical Defendants as "Shari Lee, R.N." or "Nurse Lee." See Compl. ¶7, ECF No. 1-1 at 32. In the Amended Complaint, that Defendant is referred to as "Shari Lee Saunders, R.N." or "Nurse Saunders." See Am. Compl. ¶ 7, ECF No. 38. The court will refer to this Defendant as Lee Saunders.

73.02(B)(2)(d), D.S.C. The matter is before the court on the Motion for Summary Judgment filed December 7, 2013 by Defendants Miles, Lee Saunders, Frederick, and Correct Care [hereinafter the "Medical Defendants'], ECF No. 51.[3] Because this Motion is dispositive, a Report and Recommendation is entered for the court's review. Having considered the Motion, as well as Plaintiff's Response thereto, ECF No. 59, the undersigned recommends the Motion be denied as premature.

I.     Factual Background[4]

According to Plaintiff's Amended Complaint, ECF No. 38, he was arrested and booked into the Lexington County Detention Center, ("LCDC") on September 10, 2009, where he remained until April 2010. Am. Compl. ¶ 2. Defendant Correct Care is a corporation that "acted and carried on business by and through its agents, servants and/or employees at its various locations, more particularly at [LCDC], by providing medical services to the inmates." *Id.* ¶ 5. Defendant Miles "was a physician providing medical treatment at [LCDC.]" *Id.* ¶ 6. Plaintiff alleges Defendant Miles acted "individually and as an agent, servant contractor and/or employee of [Correct Care]." *Id.* Defendants Nurse Lee Saunders and Nurse Frederick were "nurses providing medical care at [LCDC]." *Id.* ¶ 7. Plaintiff alleges Defendants Lee Saunders and Frederick also acted "individually and as an agent, servant contractor and/or employee of [Correct Care]." *Id.*

During his detention at LCDC, Plaintiff alleges he "complained of pain and sought medical attention over fifteen (15) times by and through medical and detention staff located at [LCDC]."

---

[3] The description of the Motion entered by defense counsel upon filing called it a "Motion to Dismiss." However, the actual Motion is styled a "Motion for Summary Judgment," ECF No. 51, and discusses summary judgment, *id.* at 2-3.

[4] The facts are stated in the light most favorable to the nonmoving party. Because, as discussed herein, the Motion was filed prior to Plaintiff's receipt of any meaningful discovery, available facts as favorable to Plaintiff principally are found in Plaintiff's Amended Complaint.

*Id.* ¶ 11. He alleges that, each time, he was "either not treated or was improperly treated." *Id.* Plaintiff avers he submitted a medical request for a lower bunk on September 23, 2009, indicating he had a broken tailbone, which made it difficult for him to get up and down from the floor. *Id.* ¶ 12. As detailed in the Amended Complaint, Plaintiff alleges he submitted numerous "medical requests" detailing having problems with constipation and pain and swelling in the tailbone area. *Id.* ¶¶ 13-23. His Amended Complaint includes detail regarding his consultations with Defendant Miles and allegations that Defendant Miles refused to refer him to a specialist or a more equipped facility, *id.* ¶¶ 17-19, as well as allegations regarding care by Defendant Nurse Lee Saunders and Nurse Frederick, *id.* ¶¶ 21-23. Plaintiff indicates that, although he complained of "severe pain, trouble voiding, constipation, and a large, growing tumor on his left buttock," Defendants Miles, Saunders, and Frederick "only prescribed topical ointments and pain medications," which Plaintiff received and ingested, "with little relief." *Id.* ¶ 22. Plaintiff avers Defendant Miles evaluated him on April 28, 2010, and diagnosed "cellulitis of left buttock," prescribed several medications, and ordered tests. *Id.* ¶ 23.

On April 29, 2010, Plaintiff indicates he was discharged from LCDC "due to his emergent medical needs[,]" and that, "[u]pon release, [Plaintiff] admitted himself to Lexington Medical Center where he immediately received a diagnosis of metastatic cancer of the sacrum and uncontrolled pain." *Id.* ¶ 24. Plaintiff received "palliative radiation therapy in addition to continued attempts at pain control." *Id.* Plaintiff passed away on May 26, 2010. *Id.* ¶ 25. His Death Certificate indicated his immediate cause of death was "sarcoma of the sacrum with widespread metastases." *Id.* Plaintiff submits the death was the result of the Medical Defendants' deliberate indifference. Pl.'s Resp. 3, ECF No. 59.

II.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

"[S]ummary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson*, 477 U.S. at 250 n.5. Nonetheless, a party opposing summary judgment "cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Evans v. Techs. Applications*

4

*& Serv. Co.*, 80 F.3d 954, 961 (4th Cir.1996). If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(d) affidavit stating "that it could not properly oppose a motion for summary judgment without a chance to conduct discovery." *Id.* (citing Fed. R. Civ. P. 56(f), which is now Fed. R. Civ. P. 56(d)). Rule 56(d) provides as follows:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

III.    Analysis

The Medical Defendants seek summary judgment as to Plaintiff's § 1983 claims, alleging there are no genuine issues of material fact and that they are entitled to judgment as a matter of law on the following grounds: (1) § 1983 is inapplicable to them because they are not "state actors;" and (2) their actions in treating Plaintiff did not rise to the level of "deliberate indifference," and therefore did not violate Plaintiff's constitutional rights pursuant to § 1983. ECF No. 51.[5]

    A.  Summary Judgment Should Be Denied as Premature

Plaintiff opposes the Medical Defendants' Motion as premature, *inter alia*, asking that the Motion be denied at this stage of the proceedings. Pl.'s Resp. 13-14, ECF No. 59. Plaintiff

---

[5] The "Medical Defendants" include the individual Medical Defendants—Doctor Miles, Nurse Saunders Lee, and Nurse Frederick—and Defendant Correct Care, all of whom are represented by the same defense counsel. Although Plaintiff's § 1983 claims are against the individual Medical Defendants only, all Medical Defendants seek summary judgment on the § 1983 claims herein.

submits summary judgment is inappropriate at this stage because he has not yet had the opportunity to obtain information through discovery that is essential to opposing the motion. *Id.* (citing *Anderson*, 477 U.S. at 250 n.5). In support, Plaintiff's counsel submits his affidavit as provided for in Rule 56(d) of the Federal Rules of Civil Procedure. Jan. 7, 2013 Aff. of Pl. Counsel James B. Moore III, ECF No. 59-2.

Counsel outlines discovery that had been undertaken as of the date of the affidavit, which included Plaintiff's having served interrogatories and requests for production on the Medical Defendants. *Id.* ¶ 4. At the time of the affidavit, counsel indicates the Medical Defendants had not responded to Plaintiff's discovery requests, and Plaintiff had filed a Motion to Compel responses because Medical Defendants had not submitted responses. *Id.* ¶¶ 4-5.[6] Plaintiff's counsel further indicated that Medical Defendants submitted their Rule 26(a) disclosures on January 4, 2013. *Id.* ¶ 4. Counsel noted that when Medical Defendants filed their Motion for Summary Judgment on December 7, 2012, the then-current[7] Scheduling Order permitted discovery through August 31, 2013. *Id.* ¶ 3. Counsel submits that "no meaningful discovery has taken place as of the date of Defendants' Motion for Summary Judgment," and indicates Plaintiff cannot appropriately respond to the Motion at this juncture. *Id.* ¶¶ 5-7.

More specifically, Plaintiff's counsel avers that without the "information, documents, reports, and studies" that Plaintiff seeks through discovery," his experts "will not have sufficient

---

[6] The court notes that Plaintiff's Motion to Compel referenced in the affidavit has been resolved. *See* Jan. 14, 2013 Docket Text Order, ECF No. 72 (ordering Medical Defendants to provide Plaintiff with responses to outstanding discovery requests no later than February 14, 2013, and advising that Plaintiff's Motion to Compel would be deemed moot unless Plaintiff's counsel advised that a ruling on the motion was still required; the court received no such communication, and Plaintiff's Motion to Compel was deemed moot).

[7] Based on consent by all parties, *see* ECF No. 69, the court has now extended the discovery deadline to November 29, 2013, ECF No. 71.

information to develop their opinions [] through either expert reports or affidavits." *Id.* ¶ 6. Further, counsel indicates that, without the documents and other information sought in discovery, he has not yet been able to take depositions, including those of the moving Medical Defendants. *Id.* Counsel submits there are "highly contested factual issues" in this litigation and that, without discovery, he "believe[s]" he "will be foreclosed from discovering and presenting the facts essential to justify [Plaintiff's] opposition" to the pending Motion for Summary Judgment. *Id.* ¶ 7.

The Medical Defendants did not file a Reply to Plaintiff's Response. *Cf.* Local Civ. R. 7.07 (permitting, but not requiring, a party to reply to a response within seven days of service of response).

The undersigned agrees with Plaintiff that the Medical Defendants' Motion should be denied without prejudice as it is premature at this juncture. The Medical Defendants filed the instant Motion for Summary Judgment on December 7, 2012, prior to responding to Plaintiff's initial discovery and before depositions had been taken. Further, subsequent to having filed their Motion for Summary Judgment, the Medical Defendants (with consent of Plaintiff) moved to extend deadlines in the scheduling order, seeking to extend the discovery period through November 29, 2013 and to require dispositive motions to be filed by February 3, 2014. *See* ECF No. 69. Pursuant to the resultant Second Amended Scheduling Order, those are the current discovery and dispositive-motions deadlines. ECF No. 71. Plaintiff's expert-witness deadline is July 1, 2013; Defendants' is September 3, 2013. *Id.*

Based on the case's procedural posture, and based on Plaintiff's Response and the supporting Rule 56(d) affidavit of counsel, the undersigned recommends the Motion be denied. The Fourth Circuit Court of Appeals has overturned summary judgment awards as premature in

7

cases in which there has been little to no discovery. *See, e.g., Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (deeming summary judgment award premature when, among other things, court made its award six weeks after complaint was filed and before significant discovery). Further, courts in this district have denied summary judgment motions as premature under similar circumstances. *See, e.g., Investors Title Co. v. Bair*, 232 F.R.D. 254, 256-57 (D.S.C. 2005); *Woodward v. Lane*, C/A No. 0:12-446-CMC-SVH, 2012 WL 5878104 (D.S.C. Oct. 25, 2012), adopted as modified, 2012 WL 5878095 (D.S.C. Nov. 21, 2012).

Accordingly, the undersigned recommends the Medical Defendants' Motion for Summary Judgment, ECF No. 51, be denied. In addition, because review of the Motion and Plaintiff's Response reveals areas that likely require factual development, the undersigned discusses a few of these examples as further reasons summary judgment on the record before the court would be improper.

> B. The Medical Defendants Are Not Entitled to Summary Judgment Regarding § 1983's "Color of State Law" Requirement

A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). As the Fourth Circuit Court of Appeals has explained, the under-color-of-state-law element of § 1983, which is equivalent to the "state action" requirement under the Fourteenth Amendment, "reflects judicial recognition of the fact

that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

The Medical Defendants argue that § 1983 is not applicable to them because they were employees of Correct Care, "a private company retained to provide medical services to the prisoners at [LCDC]." Defs.' Mem. 5, ECF No. 51. Accordingly, they argue they cannot be liable under § 1983 because they were not "acting under color of state law." *Id.*

In *West v. Atkins*, the Court considered whether a medical doctor who was under contract with the state of North Carolina or provide medical care to inmates at a state prison on a part-time basis satisfied the "under-color-of-state-law" element. The Court explained:

> Whether a physician is on the state payroll or is paid by contract, the dispositive issue concerns the relationship between the State, the physician, and the prisoner. Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights.

9

487 U.S. at 56.

These Defendants acknowledge that the *West* Court determined that private physicians who were under contract with the state to provide medical care to prisoners were acting under color of state law for purposes of § 1983. 487 U.S. at 52, 55-56. *See* Defs.' Mot. 3-5, ECF No. 51. However, they focus on a portion of a footnote of the Court's opinion, arguing that it requires a finding that they are not state actors because they are employed by Correct Care, a private company. In pertinent part, that footnote provided:

> Where the issue is whether a *private* party is engaged in activity that constitutes state action, it may be relevant that the challenged activity turned on judgments controlled by professional standards, where those standards are not established by the State. The Court has held that "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State."

487 U.S. at 52 n.10 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) emphasis in original).

The Medical Defendants argue they were employed by a private company, Correct Care, and they made "private decisions over which [LCDC] exercised no coercive power or encouragement." Defs.' Mem. 5, ECF No. 51. Accordingly, they submit summary judgment in their favor is appropriate because there was "never a nexus between the action of [the Medical Defendants] and the actions of the State." *Id.*

In response, Plaintiff argues that the Medical Defendants' argument is without merit and that the holding in *West* itself requires that their Motion be denied. Pl.'s Resp. 10, 11, ECF No. 59. He submits that the fact that the Medical Defendants worked through a contractual relationship does nothing to alter the constitutional duty of the State to provide essential medical care to those in its custody. Further, Plaintiff makes arguments regarding the relationship between the Medical Defendants and Lexington County "on information and belief," noting that

he requested a copy of the contract between Correct Care and Lexington County in discovery. *Id.* at 8.

The undersigned recommends this portion of the Medical Defendants' Motion be *denied* at this juncture. They have not established as a matter of law that they were not "state actors" for purposes of § 1983. Because the factual record is not fully developed regarding the relationship between the Medical Defendants and Lexington County or LCDC, summary judgment is not appropriate. *See West*, 487 U.S. at 56 (noting dispositive issue "concerns the relationship among the State, the physician, and the prisoner"); *cf.* 487 U.S. at 57 n.15 (noting an underdeveloped factual record regarding the specific limitations placed on physician by state prison system).

### C. The Medical Defendants Have Not Established Entitlement to Summary Judgment Finding They Did Not Violate Plaintiff's Constitutional Rights

The Medical Defendants also seek judgment as a matter of law finding they did not violate Plaintiff's constitutional rights in their treatment of him. Defs.' Mem. 6-9, ECF No. 51. The Eighth Amendment prohibits the infliction of cruel and unusual punishment on one who has committed a crime. *See* U.S. Const. Amend. VIII. Accordingly, a prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical personnel responsible for his care were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). While a pretrial detainee's rights with respect to claims for deliberate indifference to serious medical needs are prohibited by the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment, a pre-trial detainee's rights are co-extensive with a convicted prisoner's Eighth Amendment rights. *Hill v. Nicodemus*, 979 F.2d 987, 990-93 (4th Cir. 1992). Therefore, in any event, Plaintiff must demonstrate deliberate indifference to a serious health need in order to prevail in a civil rights action under § 1983.

The Medical Defendants argue that Plaintiff's medical care satisfied constitutional standards and that no questions of fact exist regarding whether the standard was satisfied. Defs.' Mot. 6-9, ECF No. 51. Specifically, the Medical Defendants posit that "[t]here is no evidence that the actions of these Defendants were such that they deprived the Plaintiff of his civil rights." *Id.* at 7. In support of their argument, they submit, "on information and belief" that Plaintiff's medical needs were attended on a number of specific dates. *Id.* Defendants follow with a list of 15 dates on which "Plaintiff's medical needs were attended to by these Defendants." *Id.* at 7-15. In support of each reference, they include an exhibit. *Id.; see* exs. 8-23, ECF Nos. 52-3 through 52-18, 53-1 through 53-7.

Plaintiff again argues the Medical Defendants' Motion should be denied as premature. As noted above, the undersigned agrees. Further, Plaintiff submits the facts and records as presented by the Medical Defendants in their Motion do not entitle them to judgment as a matter of law. Pl.'s Resp. 15, ECF No. 59. Plaintiff does not dispute the Medical Defendants' assertions that he was "seen" on various occasions, but he submits that such information alone is insufficient. Further, Plaintiff notes that the Medical Defendants have provided no sworn testimony supporting their argument. On the other hand, Plaintiff notes that he submitted the preliminary report/opinion of internal medicine expert Dr. Richard M. Hays with his Notice of Intent to File Suit submitted in state court. *Id., see* ECF No. 12-1 (including preliminary report from Dr. Hays that Medical Defendants acted with "deliberate indifference" to Plaintiff's "serious medical needs").

The undersigned recommends this portion of the Medical Defendants' Motion be denied, as well. Plaintiff has demonstrated that additional facts must be mined and considered before any determination can be made regarding the substance of these § 1983 claims. Issues raised by the

Medical Defendants herein are more appropriately considered after discovery has ended and when dispositive motions are filed in accordance with the court's February 3, 2014 deadline.

IV.     Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that Defendants' Motion for Summary Judgment, ECF No. 51, be denied without prejudice with leave to refile after discovery has ended.

IT IS SO RECOMMENDED.

March 21, 2013                                                         Kaymani D. West
Florence, South Carolina                                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**